UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>    v.<br><br>KOREY J. FIVECOATS,<br><br>         Defendant. | Case No. 4:12-cr-297-BLW<br><br>MEMORANDUM DECISION AND ORDER |

# INTRODUCTION

The Court has before it two motions for home confinement and one motion for compassionate release all filed by defendant Fivecoats. The motions are fully briefed and at issue. For the reasons explained below, the Court will deny all the motions.

# FACTS

On July 23, 2014, defendant Fivecoats pled guilty to conspiracy to possessing with intent to distribute fifty grams or more of methamphetamine. He had sold methamphetamine to an undercover agent and then resisted arrest, injuring an officer in the process. On October 22, 2014, the Court sentenced him to 120 months imprisonment.

Fivecoats is currently housed at FCI Sheridan where only two positive COVID tests have been confirmed to date. *See* https://www.bop.gov/coronavirus/index.jsp (last visited July 22, 2020). He seeks a release under the compassionate release provisions of the CARES Act. The Government objects.

# LEGAL STANDARDS

**Memorandum Decision & Order – page 1**

Fivecoats brings the motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  A motion for compassionate release may be made by either the Director of the Bureau of Prisons or by a defendant who has fully exhausted administrative remedies within the Bureau of Prisons (BOP).  In order to modify a sentence and grant compassionate release, a district court must engage in a three-step process. First, it must consider the 18 U.S.C. § 3553(a) factors. Second, the court must find that "extraordinary and compelling reasons warrant such a reduction." See 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has determined that "extraordinary and compelling reasons" to release a defendant from BOP custody include (1) medical conditions which diminish the ability of the defendant to provide self-care in prison, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories.  See USSG § 1B1.13. Third, the Court must find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." See 18 U.S.C. § 3582(c)(1)(A).

Fivecoats has also filed two motions for home confinement.  All of his motions urge the Court to release him from prison and place him on supervised release due to the danger of contacting the COVID virus.

## ANALYSIS

Fivecoats is 40 years old with several medical conditions that theoretically could make him more susceptible to a serious reaction if he contacts the COVID virus. However, his prison medical records show that on May 1, 2020, he tested positive for

COVID, and that by July 2, 2020, he had recovered. *See Exhibit A (Dkt. No. 122-1).* He is not facing "age-related deterioration" and has not shown that his medical conditions "diminish [his] . . . ability to provide self-care in prison." Moreover, his drug dealing and assault on the arresting officer preclude the Court from finding that he "is not a danger to the safety of any other person or to the community."

For these reasons, the Court will deny the motions for compassionate release and home confinement.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for home confinement (docket no. 112), second motion for home confinement (docket no. 114), and motion for compassionate release (docket no. 119) are DENIED.

DATED: July 24, 2020

B. Lynn Winmill
U.S. District Court Judge